UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY KATZ,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST ORTHOPEDICS AND SPORTS MEDICINE, LTD., ALAN R. MCCALL, M.D., BRIAN R. MCCALL, M.D., GREGORY J. FAHRENBACH, M.D., RICHARD J. HAYEK, M.D., CHRISTOPHER C. MAHR, M.D., TODD R. RIMINGTON, M.D., REGINA RODERICK, and CHRIS VOLANTI,<br><br>Defendants. | No. 18 CV 4515<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss [25] is granted in part, denied in part. Plaintiff's fraudulent misrepresentation claim against defendants Alan McCall, Brian McCall, Fahrenback, Hayek, Mahr, and Rimington is dismissed without prejudice.

## STATEMENT

Plaintiff Shirley Katz, a former occupational therapist at Northwest Orthopedics and Sports Medicine, Ltd., amended her complaint to add a claim for fraudulent misrepresentation against all defendants. Katz alleges that when her husband was diagnosed with cancer in June 2017, defendants repeatedly encouraged her to take as much time off as she needed and assured her that she could return to work when she was ready. But when Katz came back to work after her husband's death a few months later, she learned that Northwest Orthopedics had terminated her part-time position and hired a full-time therapist in her place. Katz alleges that defendants' earlier assurances were fraudulent misrepresentations intended to induce Katz to delay her return to work until her leave expired and her position was filled, making it impossible for her to come back.

To state a claim for fraudulent misrepresentation under Illinois law, a plaintiff must allege: "(1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 402 Ill.App.3d 1084, 1087 (2010). When alleging fraud by omission of a material fact, a plaintiff must also assert "the existence of a special or fiduciary relationship, which would raise a duty to speak." *Id.* (quoting *Lidecker v. Kendall College*, 194 Ill.App.3d 309, 317 (1st Dist. 1990)). A fraudulent-misrepresentation claim is subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This generally requires stating the who, what, when, where, and how of the fraud. *Wigod*, 673 F.3d at 569. Fraudulent intent, however, may be alleged generally. Fed. R. Civ. P. 9(b).

Katz asserts that Regina Roderick, the office manager at Northwest Orthopedics, repeatedly told her she could take as much time as she needed and not to worry about returning to work. Katz quotes the statements from Roderick and provides the dates of those communications. *See, e.g.*, [23] ¶¶ 13, 17, 19. Katz further asserts that Chris Volanti responded to her email inquiry about enrolling in Northwest Orthopedics' insurance plan upon her return, telling Katz she would be able to enroll, effective November 1. *Id.* ¶ 25. Katz asserts that at the same time Roderick and Volanti were assuring her that her job was secure (by explicitly saying so and by discussing her future insurance benefits) they were hiring another therapist to replace her. She has plausibly alleged, therefore, that these statements were false—because she could not, in fact, take as much time as she needed and still return to work. She has also alleged that these two defendants knew these representations were false at the time they made them; if defendants were hiring Katz's replacement, they knew she would not be able to return to her old job. Katz need only generally allege defendants' fraudulent intent, and her allegations that defendants intended to delay her return suffice. Finally, Katz alleges she relied on these representations by not returning to work and that she suffered damages by losing her job. She asserts that after her husband's death she was the sole breadwinner for her three children and that she was in continuous communication with Roderick and Volanti throughout her leave about her return to work. From these allegations, one can infer that Katz relied on their representations that her job was secure, and that she would have returned to work sooner had she known it was in jeopardy.

Defendants argue that because the alleged statements were made before her husband passed away, and because Katz was legally entitled to twelve weeks of leave during that time, the statements cannot have been fraudulent. But Roderick and Volanti did not condition Katz's indefinite leave on her husband staying alive. Nor

2

did they limit her leave to that provided by law; they told Katz to take as much time as she needed. Katz plausibly alleges that she continued to rely on those statements after her husband's death. Whether their statements were made before or after Katz's husband's death, the complaint satisfies the particularity requirements of Rule 9(b) and adequately states a fraudulent-misrepresentation claim against Roderick and Volanti.

Katz alleges that Northwest Orthopedics and the individual doctor defendants are liable for the conduct of Roderick and Volanti under principles of respondeat superior. *Id.* ¶ 77. Northwest Orthopedics, as Roderick's and Volanti's employer, can be liable for their conduct when acting in the scope of their employment. *See Wilson v. Edward Hosp.*, 2012 IL 112898, ¶ 18 (2012). Because Katz has alleged that Roderick and Volanti are Northwest Orthopedics employees, and that they were acting in the scope of that employment when communicating with her, she has alleged a fraudulent misrepresentation claim against Northwest Orthopedics under a respondeat superior theory of liability.

Katz has not stated a fraudulent misrepresentation claim against the doctor defendants with the particularity Rule 9(b) requires. Katz asserts that the doctor defendants are owners of Northwest Orthopedics, [23] ¶ 6, that they approved all personnel decisions Roderick and Volanti made, and that they failed to intervene to address their misconduct. *Id.* ¶ 36. But corporate officers are not automatically liable for a corporation's torts; an officer is liable only for torts in which he actively participates. *Nat'l Acceptance Co. of Am. v. Pintura Corp.*, 94 Ill.App.3d 703, 706 (1981).* Approving personnel decisions of Roderick and Volanti is not the same as actively participating in their fraudulent misrepresentations. Katz also alleges that the doctor defendants made their own fraudulent misrepresentations, but those assertions lack the requisite particularity. She alleges that defendants repeatedly informed her throughout her leave that a contract therapist had been hired to cover her absence and that she could take as much time as she needed. *Id.* ¶¶ 14–15. Though Katz adequately pleads the content of these statements, she does not allege which defendant said what, when the statements were made, or how they were communicated to her. Defendants also failed to inform her, Katz alleges, that they were hiring a permanent therapist to perform her job. *Id.* ¶ 15. Given the nature of an omission claim, plaintiff need not specify a specific date or form of communication—the point is that they never informed her that she had been replaced. But Katz has not alleged that any of the doctor defendants had some special

---

* In her response, Katz asserts that Dr. Brian McCall's statements to her at her husband's memorial service constituted fraudulent misrepresentations. But she does not allege this encounter in her complaint, and on a motion to dismiss I consider only the pleadings, documents incorporated by reference to the pleadings, and matters subject to judicial notice. *Milwaukee Police Assoc. v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

or fiduciary relationship with Katz that would require them to personally keep her informed on the status of her employment, and so she has not alleged fraud by omission. Finally, Katz offers conclusory allegations that all defendants knowingly made false fraudulent statements, on which she relied by not returning to work. *Id.* ¶¶ 72–76. But restating the legal elements of the offense, without factual support for the allegations, is not enough to plausibly state a claim. As such, Katz has not stated a fraudulent misrepresentation claim against the doctor defendants.

ENTER:

Date:   July 9, 2019

Manish S. Shah
U.S. District Judge

4